994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
MERCHANTS & PLANTERS BANK, Clarendon, Arkansas, Appellant,
v.
Forest GRAY, II, Debtor; Melanie Gray, Debtor, Appellees.
 No. 92-2743.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 4, 1993.
Filed: May 21, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Merchants & Planters Bank (Bank) appeals from the district court's[1] judgment affirming the bankruptcy court's[2] order denying the Bank's motion to dismiss and objection to confirmation of Forest and Melanie Gray's Chapter 13 bankruptcy petition.
 
 
 2
 On February 7, 1991, Forest and Melanie Gray filed a Chapter 13 petition in bankruptcy. They listed $116,266.89 in debts and forty-nine creditors. Their largest debt, owed to the Bank, was unsecured and was attributable to Forest Gray's pre-petition check-kiting scheme. Forest Gray pleaded guilty to the scheme and was sentenced to twelve months in a federal halfway house. Restitution was not ordered because of his inability to pay. The Bank was also listed as a secured creditor, with a security interest in a 1987 Chevrolet pickup. The Grays' Schedule of Debts noted that "Debtor does not possess vehicle." The Grays listed monthly expenses of $954.58 which, when subtracted from their total monthly income of $1,216.95, left a surplus of $262.37. The Grays proposed to pay the entire surplus to the Trustee for forty-eight months. The plan proposed an estimated payment to unsecured creditors amounting to 4.77% of their claims.
 
 
 3
 The Bank objected to confirmation of the plan on the ground that it was not proposed in good faith, as required by 11 U.S.C. § 1325(a)(3), and moved to dismiss pursuant to 11 U.S.C. § 1307(c). The Bank argued that the following factors evidenced the Grays' bad faith: (1) the Bank's largest claim was created as a result of Forest Gray's fraud and would not be dischargeable under Chapter 7 of the Bankruptcy Code; (2) the Grays' plan was primarily an attempt to avoid the fraudulently-created debt; (3) the Grays did not reveal the availability of $80.00 per week beginning in October 1991, when Forest Gray would no longer have to pay this amount to the halfway house, or the fifty-cent-per-hour raise to $6.50 per hour that Forest Gray received on February 21, 1991; (4) the Grays' plan proposed an unreasonably low percentage of repayment to unsecured creditors; (5) the Grays did not offer a full sixty-month plan; and (6) the Grays' plan attempted to extinguish the pickup truck debt by proposing the "surrender [of] any interest [the Grays] may have in the [truck] to [the Bank]," when they knew that they never took possession of the truck and did not know its whereabouts. The bankruptcy court denied the Bank's motion to dismiss, but sustained the Bank's objection to confirmation as to the length of the plan. The court granted the Grays twenty days to modify their plan to provide for a term of sixty months. The district court affirmed.
 
 
 4
 We review the bankruptcy court's determination that a Chapter 13 plan was proposed in good faith under a clearly erroneous standard. In Re LeMaire, 898 F.2d 1346, 1349 (8th Cir. 1990) (en banc). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 5
 We conclude that the bankruptcy court's finding was not clearly erroneous. The Grays' plan accurately stated their debts and expenses at the time of filing. It does not appear that the Grays attempted to mislead the court or the Bank regarding Forest Gray's payments to the halfway house or the whereabouts of the pickup truck. The Grays, through their attorney, disclosed to the Bank the availability of the halfway house payments to fund the plan after September 1991; their Schedule of Debts disclosed that they did not possess the truck; and the Bank filed an unsecured claim on the truck debt after Forest Gray had testified in Chancery Court that he never had possession of the truck and did not know its whereabouts. We agree with the bankruptcy court that Forest Gray's fifty-cent-per-hour raise which he received after the filing of the plan amounted to a "small alteration," and we do not believe his failure to modify the plan based on this raise evidenced bad faith. In addition, the Grays had agreed to increase the plan to sixty months before the Bank filed its motion to dismiss.
 
 
 6
 The Bank cites In Re LeMaire to support its contention that the Grays did not propose their plan in good faith. We cautioned, however, that this court's holding "should not be read as a broad declaration extending beyond the facts before [it]." In Re LeMaire, 898 F.2d at 1353. In addition, we recognized our obligation to evaluate the good faith determination in the totality of the circumstances. Id. We conclude that the totality of the circumstances in the instant case supports the bankruptcy court's finding of good faith.
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern and Western Districts of Arkansas